STATE OF NORTH CAROLINA
v.
RONDELL LUVELL SANDERS

No. COA12-676

Filed 15 January 2013

**Sentencing—prior record level—out-of-state crimes—comparison of punishments not sufficient**

The trial court erred when sentencing defendant for armed robbery by finding that defendant's convictions in Tennessee were substantially similar to certain North Carolina offenses and assigning prior record level points accordingly. At no point in its evaluation of defendant's Tennessee convictions did the trial court compare the elements of the allegedly similar North Carolina offenses against the elements of the Tennessee offenses. A review of the punishments associated with a crime is not the same as a comparison of its elements and does not meet the substantial similarity test.

Appeal by Defendant from judgment entered 14 December 2011 by Judge Wayland J. Sermons, Jr., in Beaufort County Superior Court. Heard in the Court of Appeals 25 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Lora C. Cubbage, for the State.*

*W. Michael Spivey for Defendant.*

STEPHENS, Judge.

### Procedural History and Evidence

On 18 November 2009 Defendant Rondell Luvell Sanders ("Sanders") was tried on charges of robbery with a dangerous weapon. Sanders left the courtroom during jury selection, did not return, and the trial was therefore held in his absence. On 19 November 2009 the jury returned a guilty verdict. Sanders was subsequently apprehended in Michigan and brought back to North Carolina in 2011. On 14 December 2011, Sanders was brought to court for sentencing. In calculating his prior record level, the State sought to have two sentencing points included in the court's calculus because of two prior misdemeanor convictions in Tennessee for "theft of property" and "domestic assault." In doing so, the State offered evidence consisting of a computerized printout of Sanders's criminal history, a prior record level worksheet, copies of judgments against Defendant, online printouts of the relevant Tennessee statutes, and a sheet that categorized the different gradations of Tennessee felonies and misdemeanors. Following a colloquy between the trial judge and counsel for the State and for Sanders, the judge stated on the record that "for each out-of-state conviction listed [on the prior record level worksheet], the Court finds by a preponderance of the evidence that the [Tennessee] offense is substantially similar to a North Carolina offense . . . ." As a result, the trial court assigned one point for each out-of-state offense, giving Sanders a total of five points, the minimum number of points required for a prior record level III. Sanders was sentenced to a minimum of 92 and a maximum of 120 months in prison. Sanders appeals the trial court's calculation of his prior record level.

### Standard of Review

"The standard of review relating to the sentence imposed by the trial court is whether the sentence is supported by evidence introduced at the trial and sentencing hearing." *State v. Fortney*, 201 N.C. App. 662, 669, 687 S.E.2d 518, 524 (2010) (citation omitted). "[T]he question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law requiring *de novo* review on appeal." *Id.* (internal quotation marks and citation omitted).

### Discussion

On appeal, Sanders argues (1) that the trial court erred by improperly comparing the punishments for Sanders's Tennessee con-

victions with the punishments for his North Carolina offenses, instead of comparing the elements of those offenses, and (2) that, in either circumstance, the Tennessee convictions and the North Carolina offenses are not substantially similar and, thus, should not have been considered when determining Sanders's prior record level. For the following reasons, we remand for resentencing.

"The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions . . . ." N.C. Gen. Stat. § 15A-1340.14(a)(2011). The State must prove "by a preponderance of the evidence[] that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f). A prior conviction shall be proved by (1) stipulation of the parties; (2) an original or copy of the court record of the prior conviction; (3) a copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts; or (4) any other method found by the court to be reliable. *Id.* Substantial similarity is a question of law, and the defendant cannot validly stipulate to the State's characterization of the laws being compared. *State v. Palmateer*, 179 N.C. App. 579, 581-82, 634 S.E.2d 592, 593-94 (2006).

Generally, "a conviction occurring in a jurisdiction other than North Carolina . . . is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor." N.C. Gen. Stat. § 15A-1340.14(e). No sentencing points are assigned for Class 3 misdemeanor convictions. *See* N.C. Gen. Stat. § 15A-1340.14(b). However,

> [i]f the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is *substantially similar* to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e) (emphasis added).

In determining "whether the out-of-state conviction is substantially similar to a North Carolina offense," the trial court must compare "the *elements* of the out-of-state offense to those of the North Carolina offense." *Fortney*, 201 N.C. App. at 671, 687 S.E.2d at 525 (emphasis added) (citation omitted). "[T]he requirement set forth in

N.C. Gen. Stat. § 15A-1340.14(e) is not that the statutory wording precisely match, but rather that the offense be 'substantially similar.' " *State v. Sapp*, 190 N.C. App. 698, 713, 661 S.E.2d 304, 312 (2008), *appeal dismissed and disc. review denied*, 363 N.C. 661, 685 S.E.2d 799 (2009).

> We emphasize that "copies of the . . . statutes from another jurisdiction, *and comparison of their provisions to the criminal laws of North Carolina,* are sufficient to prove by a preponderance of the evidence that the crimes of which defendant was convicted in those states were substantially similar to classified crimes in North Carolina for purposes of G.S. § 15A-1340.14(e)."

*State v. Burgess*, ___ N.C. App. ___, ___, 715 S.E.2d 867, 870 (2011) (quoting *State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (emphasis added)) (internal brackets omitted); *see also State v. Hanton*, 175 N.C. App. 250, 254, 623 S.E.2d 600, 604 (2006) (noting that, when considering out-of-state offenses, the determination of a defendant's prior record level involves "comparing the elements of a defendant's prior convictions under the statutes of foreign jurisdictions with the elements of crimes under North Carolina statutes") (citation, internal quotation marks, and internal brackets omitted).

The trial court in this case stated that Sanders's prior Tennessee misdemeanor convictions for theft and domestic assault were substantially similar to "a North Carolina offense." Accordingly, Sanders received two points which, together, moved him from a prior record level II to a prior record level III. In arguing for such a determination, the State provided the trial court with an exhibit ("State's Exhibit 1"), which included a prior conviction worksheet compiled by the State, evidence of Sanders's criminal history in North Carolina, two photographs of Sanders, an explanation of Tennessee sentencing gradations, copies of the judgments at issue from the State of Tennessee, and copies of the relevant Tennessee statutes for assault and theft. State's Exhibit 1 did not include copies of the relevant North Carolina statutes to which the Tennessee convictions were being compared or the elements of those North Carolina crimes. Sanders did not stipulate to the State's compilation of his prior record and at no point during the hearing did the State offer further evidence of the similarity between Sanders's prior Tennessee convictions and those North Carolina crimes which it alleged were substantially similar. Indeed, the State did not even identify by name or statute number the North

Carolina offenses it contended were substantially similar to the Tennessee convictions.

In considering the State's evidence, the trial court alluded to State's Exhibit 1, stating "I'm getting ready to look at [a document] that indicates you were convicted of Theft of Property in 2009 in Tennessee and Domestic Assault in 2009 on a separate date in Tennessee, each of which are Class 1 or A-1 misdemeanors in North Carolina is what the State contends . . . ." The court then proceeded with the following faulty comparison:

> So the ones in question are a conviction in 2009 of mis-demeanor Theft of Property, and so I'm looking at the— a Class A misdemeanor is what the materials contain in Exhibit [1]. A Class A misdemeanor if the value of the property or services obtained is $500 or less. A Class A misdemeanor is punished in Tennessee by not greater than 11 months and 29 days in jail, or a fine not to exceed $2,500, or both, and the State would contend that that's substantially similar to our Class 1 misdemeanor.
>
> . . . .
>
> [T]he next charge is . . . Domestic Assault, for which you've assigned an A-1 which would still be one point, and the defendant was convicted of that in 2009, and the statute shows that Domestic Assault again is a Class A misdemeanor under Tennessee law, and again is punish-able by no greater than 11 months 29 days, or a fine not to exceed $2,500. The State contends that that is similar to our Class 1 misdemeanor level[.]

Based on that assessment, the court found that "for each out-of-state conviction listed in Section 4 [of the worksheet] . . . the offense is substantially similar to a North Carolina offense and that the North Carolina classification assigned to this offense in Section 4 is cor-rect." Based on that finding, the court added two extra points to Sanders's prior record level, totaling five points and equaling a prior record level III.

It bears repeating that "[d]etermination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the *elements of the out-of-state offense to those of the North Carolina offense.*" *Fortney*, 201 N.C. App. at 671, 687 S.E.2d at At no point in its evaluation of Sanders's

Tennessee convictions did the trial court compare the elements of the allegedly similar North Carolina offenses against the elements of the Tennessee offenses.525 (citation omitted) (emphasis added). Indeed, as previously noted, the North Carolina offenses were neither named nor presented in State's Exhibit 1. There is no evidence in the record before this Court that the trial court compared the elements of the Tennessee crimes with the elements of any North Carolina crimes when reviewing State's Exhibit 1 during the sentencing hearing. On the contrary, it appears that the trial court simply accepted at face value the State's *contention* that the Tennessee offenses were substantially similar to Class A1 or 1 misdemeanors in North Carolina. When the trial court orally evaluated Sanders's Tennessee convictions, the transcript indicates that it focused solely on the punishment aspects of those crimes, not their substantive elements. A review of the punishments associated with a crime is not the same as a comparison of its elements and does not meet the substantial similarity test. Therefore, we hold that the trial court erred in finding that Defendant's convictions in Tennessee were substantially similar to certain North Carolina offenses.

Because we have concluded that the trial court erred in its comparison of the Tennessee punishments to certain North Carolina offenses, we need not address Defendant's second argument that the Tennessee convictions were not actually substantially similar to certain North Carolina offenses. Accordingly, we remand this case to the trial court for a proper comparison of the elements of those North Carolina crimes, if any, that the State contends are substantially similar to Sanders's Tennessee convictions.

REMANDED for resentencing consistent with this opinion.

Judges GEER and McCULLOUGH concur.