NO. COA13-750

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

    v.

RONDELL LUVELL SANDERS

Beaufort County
No. 06 CRS 053372

Appeal by Defendant from judgment entered 15 February 2013 by Judge Wayland J. Sermons, Jr. in Superior Court, Beaufort County. Heard in the Court of Appeals 19 November 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General David L. Gore, for the State.*
>
> *W. Michael Spivey for Defendant.*

McGEE, Judge.

Rondell Luvell Sanders ("Defendant") appeals from his re-sentencing for robbery with a dangerous weapon. In an earlier appeal to this Court, Defendant asserted error in the prior record level determination, which included points based on the substantial similarity of Tennessee offenses to North Carolina offenses. This Court remanded for resentencing because it appeared the trial court compared the *punishments*, rather than comparing the *elements* of the offenses. *State v. Sanders*, ___ N.C. App. ___, 736 S.E.2d 238 (2013).

## I. Standard of Review

The "question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law requiring *de novo* review on appeal." *State v. Fortney*, 201 N.C. App. 662, 669, 687 S.E.2d 518, 524 (2010) (internal quotation marks omitted).

## II. Date of Prior Tennessee Offenses

Defendant argues the trial court erred by assigning points for Tennessee convictions because the State did not prove the Tennessee statutes were unchanged from the versions under which Defendant was convicted. We disagree.

In *State v. Burgess*, ___ N.C. App. ___, 715 S.E.2d 867 (2011), this Court remanded for resentencing when the State presented the 2008 versions of the out-of-state statutes and "presented no evidence that the statutes were unchanged from the 1993 and 1994 versions under which [the] defendant had been convicted." *Burgess*, ___ N.C. App. at ___, 715 S.E.2d at 870.

In the present case, the State presented copies of judgments to the trial court showing Defendant was convicted in Tennessee of theft on 10 March 2009 and domestic assault on 6 January 2009. Defendant contends the judgments do not show the date of the offenses. However, Defendant provides no support for his implied assertion that the date of each offense is necessary to determine

which version of the Tennessee criminal statute applied.

It is true that, in North Carolina, the date of offense often determines which version of a criminal statute applies. *See, e.g.*, "An Act to Provide That If a Defendant Has Four or More Prior Larceny Convictions, A Subsequent Larceny Offense is a Felony," 2012 N.C. Sess. Laws ch. 154 § 2 ("This act becomes effective December 1, 2012, and applies to offenses committed on or after that date."); "An Act to Amend the Law Concerning Assaults on Governmental Officers and Employees and to Make It a Felony to Assault a Governmental Officer or Employee with a Deadly Weapon," 1991 N.C. Sess. Laws ch. 525 § 3 ("This act becomes effective October 1, 1991, and applies to offenses committed on or after that date. Prosecutions for offenses committed before the effective date of this act are not abated or affected by this act[.]").

However, because Defendant cites no Tennessee authority to show that statutory amendments in Tennessee operate in the same manner as the North Carolina amendments above, we must assume the State presented the correct versions of the Tennessee criminal statutes at issue. Defendant has thus not demonstrated error on this basis.

### III. Substantial Similarity of Tennessee Offense of Theft to North Carolina Offense of Misdemeanor Larceny

Defendant also argues the trial court erred in finding the

Tennessee offense of theft substantially similar to the North Carolina offense of misdemeanor larceny.

> If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

N.C. Gen. Stat. § 15A-1340.14(e) (2011). "For each prior misdemeanor conviction as defined in this subsection, 1 point." N.C. Gen. Stat. § 15A-1340.14(b)(5).

"Determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the *elements* of the out-of-state offense to those of the North Carolina offense." *Fortney*, 201 N.C. App. at 671, 687 S.E.2d at 525 (emphasis added); *see also State v. Sanders*, ___ N.C. App. ___, ___, 736 S.E.2d 238, 240 (2013) ("the trial court must compare 'the *elements* of the out-of-state offense to those of the North Carolina offense"); *State v. Wright*, 210 N.C. App. 52, 71, 708 S.E.2d 112, 126 (2011).

Although the case law is clear that the determination as to substantial similarity involves comparison of the elements of the offenses, the determination as to what exactly constitutes substantial similarity remains unclear. While N.C.G.S. § 15A-1340.14(e) "provides that either the State or the defendant may

prove that an offense for which the defendant was convicted in a foreign jurisdiction is substantially similar to a North Carolina offense, the statute does not give guidance as to how a trial court is to make such a determination." *State v. Phillips*, ___ N.C. App. ___, ___, 742 S.E.2d 338, 343 (2013) (citing *State v. Hanton*, 175 N.C. App. 250, 623 S.E.2d 600 (2006)).

Defendant cites *State v. Amanns*, 2 S.W.3d 241 (Tenn. Crim. App. 1999) for the elements of "theft of property." "In order to obtain a conviction for theft, the State must prove (1) the defendant knowingly obtained or exercised control over property; (2) the defendant did not have the owner's effective consent; and (3) the defendant intended to deprive the owner of the property." *Amanns*, 2 S.W.3d at 244-45.

The only difference between the elements of the offenses that Defendant points out is that the Tennessee offense requires no showing of permanent deprivation. Defendant asserts that, if a defendant simply "took a joyride on somebody's horse, he would violate Tennessee's theft statute."

However, it appears that the court in *Amanns* was merely giving a shortened recitation of the elements. In a challenge to the sufficiency of evidence in an attempted theft case, the Court of Criminal Appeals of Tennessee considered whether the State showed the defendant "possessed the requisite intent to *permanently*

deprive each of the owners of their automobiles." *State v. Roberts*, 943 S.W.2d 403, 410 (Tenn. Crim. App. 1996) (emphasis added), *overruled on other grounds by State v. Ralph*, 6 S.W.3d 251 (Tenn. 1999). Thus, courts in Tennessee have held that Tennessee's theft statute requires an intention to *permanently* deprive the owner of property.

Defendant's contention that the offenses are not substantially similar on this basis is without merit. The trial court did not err in concluding the Tennessee offense of theft and the North Carolina offense of larceny are substantially similar.

## IV. Substantial Similarity of Tennessee Offense of Domestic Assault to North Carolina Offense of Assault on a Female

Defendant next argues the trial court erred in finding the Tennessee offense of domestic assault substantially similar to the North Carolina offense of assault on a female. Defendant makes two contentions in support of his argument.

### A. Necessity of Reviewing Applicable Statutes

First, Defendant contends "the State did not offer the Tennessee statute necessary to determine the elements of the offense." The State presented a copy of Tenn. Code Ann. § 39-13-111. However, that statute refers to another statute which the State did not provide to the trial court, namely, Tenn. Code Ann. § 39-13-101.

The Tennessee domestic assault statute reads: "A person

commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." Tenn. Code Ann. § 39-13-111(b). Both statutes are thus necessary to understanding the elements of the Tennessee offense of domestic assault. The record contains no indication that the trial court considered both Tenn. Code Ann. §§ 39-13-111 and 39-13-101. Defendant has shown error in the trial court's determination under *Fortney*.

## B. Substantial Similarity

Second, Defendant contends the offenses are not substantially similar because "the Tennessee statute is gender and age neutral in its definition of 'domestic abuse victims.'" The North Carolina offense of assault on a female is set forth in N.C. Gen. Stat. § 14-33(c).

> [A]ny person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she . . . [a]ssaults a female, he being a male person at least 18 years of age[.]

N.C. Gen. Stat. § 14-33(c)(2) (2011).

By contrast, the Tennessee offense of domestic assault is as follows: "A person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." Tenn. Code Ann. § 39-13-111(b). "Domestic abuse victim" is defined as any person who falls within the following categories:

> (1) Adults or minors who are current or former

spouses;

(2) Adults or minors who live together or who have lived together;

(3) Adults or minors who are dating or who have dated or who have or had a sexual relationship, but does not include fraternization between two (2) individuals in a business or social context;

(4) Adults or minors related by blood or adoption;

(5) Adults or minors who are related or were formerly related by marriage; or

(6) Adult or minor children of a person in a relationship that is described in subdivisions (a)(1)-(5).

Tenn. Code Ann. § 39-13-111(a).

An examination of the elements reveals that the North Carolina offense of assault on a female and the Tennessee offense of domestic assault are not substantially similar, especially given that "the rule of lenity requires us to interpret [N.C.G.S. § 15A-1340.14(e)] in favor of defendant." *Phillips*, ___ N.C. App. at ___, 742 S.E.2d at 343 (quoting *Hanton*, 175 N.C. App. at 259, 623 S.E.2d at 606).

The Tennessee offense requires showing that the victim falls into one of six categories. The categories describe particular relationships between the defendant and the victim. By contrast, the North Carolina offense of assault on a female requires no showing as to a particular relationship between the defendant and

the victim.

A second significant difference between the offenses is that the North Carolina offense requires the victim be female. The Tennessee offense does *not* require the victim be female. Based on these two significant differences, we must conclude the trial court erred in finding that the Tennessee offense of domestic assault was substantially similar to the North Carolina offense of assault on a female.

The dissent analyzes the facts of the Tennessee offense to determine whether Defendant could be convicted of assault on a female in North Carolina. As previously discussed, we are required to compare the elements of the Tennessee offense to the elements of the North Carolina offense. "Determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the *elements* of the out-of-state offense to those of the North Carolina offense." *Fortney*, 201 N.C. App. at 671, 687 S.E.2d at 525 (emphasis added); *see also Sanders*, ___ N.C. App. at ___, 736 S.E.2d at 240 ("the trial court must compare 'the *elements* of the out-of-state offense to those of the North Carolina offense"); *Wright*, 210 N.C. App. at 71, 708 S.E.2d at 126. The trial court erred in finding that the Tennessee offense of domestic assault was substantially similar to the North Carolina offense of assault

on a female.

## V. Conclusion

Defendant has demonstrated no error in the trial court's determination as to the Tennessee offense of theft. However, Defendant has shown error in the trial court's determination as to the Tennessee offense of domestic assault, and we remand for resentencing.

Affirmed in part; remanded in part for resentencing.

Judge STROUD concurs.

Judge BRYANT concurs in part and dissents in part by separate opinion.

NO. COA13-750

NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014

STATE OF NORTH CAROLINA

   v.                                    Beaufort County
                                            No. 06 CRS 053372
RONDELL LUVELL SANDERS

       BRYANT, Judge, concurring in part and dissenting in part.

       The majority opinion remands for resentencing based on its determination that the trial court erred in finding that the Tennessee offense of domestic assault was substantially similar to the North Carolina offense of assault on a female.  Because I believe the trial court did not err in finding that the Tennessee offense of domestic assault is substantially similar to the North Carolina offense of assault on a female, I respectfully dissent from that portion of the majority opinion.  I concur in the remainder of the majority opinion.

       Pursuant to N.C. Gen. Stat. § 15A-1340.14(e) (2011),

> [i]f the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.

Here, the State presented the trial court with copies of Tenn. Code Ann. § 39-13-111 and N.C. Gen. Stat. § 14-33(c). The majority opinion agrees with defendant's argument that the trial court erred in finding that T.C.A. § 39-13-111 and N.C.G.S. § 14-33(c) are substantially similar. This Court has held that in considering whether a statute from another state is substantially similar to a North Carolina statute "the requirement set forth in N.C. Gen. Stat. § 15A-1340.14(e) is not that the statutory wording precisely match, but rather that the offense be 'substantially similar.'" *State v. Sapp*, 190 N.C. App. 698, 713, 661 S.E.2d 304, 312 (2008). I find it inconceivable that this requirement of substantial similarity is meant to pose an insurmountable burden for the State, as each state is entitled to tailor its statutes as it sees fit. Accordingly, the State is required to prove merely by a preponderance of the evidence — not by the higher standards of by clear and convincing evidence or beyond a reasonable doubt — that two statutes are substantially similar.

North Carolina does not have a domestic assault statute. Rather, domestic assault in North Carolina is recognized as a form of assault, upon a female, by a male, under N.C.G.S. § 14-33(c)[1];

---

[1] That N.C.G.S. § 14-33(c) is intended to address domestic assault is further demonstrated by N.C. Gen. Stat. § 15A-534.1 (2011), "Crimes of domestic violence," which establishes specific procedures for determining a defendant's pretrial release "[i]n

no other North Carolina statute is thus as suitably equivalent to T.C.A. § 39-13-111 in addressing the specific elements of an assault upon a female. Furthermore, North Carolina has no statutory definition of assault, and assault is thus defined by the common law. *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). The majority agrees with defendant that because the State did not present the trial court with both T.C.A. § 39-13-111 and the statute to which it refers, T.C.A. § 39-13-101, the State did not meet its burden of proving that T.C.A. § 39-13-111 and N.C.G.S. § 14-33(c) are substantially similar. An examination of T.C.A. § 39-13-111, "domestic assault," reveals that it does indeed reference T.C.A. § 39-13-101, "assault." However, as the trial court examined the elements of assault in T.C.A. § 39-13-111 in relation to the common law definition of assault, it was unnecessary that T.C.A. § 39-13-101 accompany T.C.A. § 39-13-111 in order for the elements of assault in T.C.A. § 39-13-111 to be defined and considered by the trial court.

As defined by the common law, an assault is an unauthorized touching which causes an offensive or harmful contact. Such

---

all cases in which the defendant is charged with assault on, stalking, communicating a threat to, or committing a felony provided in Articles 7A, 8, 10, or 15 of Chapter 14 of the General Statutes upon a spouse or former spouse or a person with whom the defendant lives or has lived as if married . . . ."

contact can occur between two people of any age or gender. *See Roberts; see also State v. Hill*, 6 N.C. App. 365, 369, 170 S.E.2d 99, 102 (1969) ("Where in a prosecution for assault . . . the evidence tends to show assault on a female at least, it is not error to fail to submit the question of guilt of simple assault."). In creating statutes which distinguish between types of assaults, like domestic assault, these distinctions assist with governmental goals such as identifying particular categories of offenders for sentencing purposes. *See State v. Gurganus*, 39 N.C. App. 395, 400, 250 S.E.2d 668, 672 (1979) ("[N.C.G.S. § 14-33] in its entirety provides a logical pattern protecting the citizens of North Carolina from acts of violence. Subsection (a) of the statute establishes the crimes of assault, assault and battery and affray. Subsection (b) and its subsections do not create additional or separate offenses. Instead, those subsections provide for differing punishments when the presence or absence of certain factors is established.").

The majority appears to accept defendant's argument that T.C.A. § 39-13-111 is not substantially similar to N.C.G.S. § 14-33(c) because T.C.A. § 39-13-111 is gender and age-neutral while N.C.G.S. § 14-33(c) specifically applies to a male over the age of 18 assaulting a female. I find defendant's argument to lack merit, as the State of Tennessee could have chosen to charge defendant

under its general assault statute, § 39-13-101. Instead, by charging defendant under the more specific statute for domestic abuse, the State of Tennessee pursued the more specific and relevant charge against defendant of committing assault upon a female with whom he was in a relationship. Moreover, the State of Tennessee dismissed a charge of regular assault against defendant at the same time it pursued the domestic abuse charge against him. As such, the State of Tennessee demonstrated its intent to charge defendant according to the elements of the most applicable statute. Furthermore, an analysis of Tennessee case law indicates that the domestic abuse statute can and is applied specifically in situations where a male has assaulted a female with whom he had a relationship. *Compare State v. Anderson*, No. W2011-00139-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 707 (Sept. 5, 2012) (finding the male defendant guilty of domestic assault under T.C.A. § 39-13-111 where he admitted to choking and hitting his estranged wife); *State v. Boston*, No. M2010-00919-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 779 (Oct. 18, 2011) (finding the male defendant guilty of domestic assault for hitting his ex-wife during a fight and guilty of aggravated assault for hitting his ex-wife's male friend with a board); *State v. Parham*, No. W2009-02576-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 1049 (Dec. 10, 2010) (finding the male defendant guilty of domestic assault for severely beating his ex-girlfriend

with a fireplace log), *remanded on other grounds*, No. W2011-01276-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 788 (Sept. 26, 2012); *State v. Terrell*, No. M2006-01688-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 135 (Jan. 30, 2008) (discussing how domestic abuse under T.C.A. § 39-13-111 is a specific form of assault as defined in T.C.A. § 39-13-101), *with Fain v. State*, No. M2009-01148-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 212 (Mar. 9, 2010) (finding defendant-mother guilty of assault for beating her juvenile son); *State v. Hall*, No. W2008-01875-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 147 (Feb. 18, 2010) (finding the male defendant guilty of assault for attacking the male victim with a frying pan); *State v. Adkins*, No. M2007-01728-CCA-R3-CD, 2008 Tenn. Crim. App. LEXIS 994 (Dec. 4, 2008) (finding the male defendant guilty of assault upon two police officers, one male and one female); *State v. Elkins*, 83 S.W.3d 706 (2002) (finding the male defendant guilty of assault and aggravated sexual battery upon a juvenile girl).

The record in the instant case offers additional evidence in support of the statutory elements necessary to convict defendant of assault upon a female: the judgment for domestic assault indicates that defendant was to have no contact with the victim, Ashley Blango, and to attend 24 domestic abuse counseling classes. Moreover, defendant's criminal history record indicates that he has a neck tattoo which reads "Ashley." Although I acknowledge

defendant's contention that "Ashley" is a unisex name, I find it inconceivable that this evidence — (1) a neck tattoo with the name "Ashley," (2) a conviction for domestic assault, (3) a victim's name of Ashley, (4) an order to attend domestic abuse counseling classes, and (5) an analysis of Tennessee case law showing how T.C.A. § 39-13-111 is specifically used for instances where a male has assaulted a female with whom he has a relationship — fails to meet the State's burden of proving substantial similarity between the elements of the two relevant statutes by a preponderance of the evidence.

Of further note here is that T.C.A. § 39-13-111 states that "[a] person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim." As such, T.C.A. § 39-13-111 is clearly intended to be treated like an assault as defined under T.C.A. § 39-13-101; the distinction between these two statues is thus relevant only as to whether the assault occurred in a domestic situation or not. *See State v. Woosley*, No. M2013-00578-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 1045, at *15 (Nov. 26, 2013) ("Domestic assault is an "assault" committed against a "domestic abuse victim." T.C.A. § 39-13-111(b) (2010). As charged in the indictment, an assault occurs when a person "[i]ntentionally, knowingly, or recklessly causes bodily injury to another[.]" *Id.* § 39-13-101(a)(1) (2010). A "domestic

abuse victim" is [also] defined to include "[a]dults . . . who are current or former spouses." *Id*. § 39-13-111(a)(1) (2010)."); *see also* T.C.A. § 39-13-111(a)(2) ("[D]omestic abuse victim  means . . . [a]dults . . . who live together  or who have lived together[.]"); *Id*. § 39-13-101(a) ("A person commits assault who: (1) [i]ntentionally, knowingly or recklessly causes bodily injury to another; (2) [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) [i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.").

I also note that the trial court took notice of the common law definition of assault as presented by the State.  This Court has recognized that in determining whether two statutes are substantially similar, the underlying purposes of the statutes must be examined to "avoid absurd or bizarre consequences." *State v. Key*, 180 N.C. App. 286, 294, 636 S.E.2d 816, 823 (2006) (holding that a Maryland theft statute was substantially similar to a North Carolina larceny statute because both statutes followed common-law definitions of theft, taking, and asportation).

Here, the underlying purpose of the statutes is clear: to protect females from assaults committed by males.  "In adopting G.S. 14-33, the General Assembly of North Carolina clearly sought

to prevent bodily injury to the citizens of the State arising from assaults, batteries and affrays." *Gurganus*, 39 N.C. App. at 400, 250 S.E.2d at 672.

> In matters of statutory construction, the role of this court is to ascertain and give effect to the intent of the legislature. Unless ambiguity requires resort elsewhere to ascertain legislative intent, judicial interpretation of a statute is restricted to the natural and ordinary meaning of the language used. "Legislative enactments must be interpreted in their natural and ordinary sense without a forced construction to either limit or expand their meaning." "Courts must construe statutes as a whole and in conjunction with their surrounding parts and their interpretation should be consistent with their legislative purposes." The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretation should express the intent and purpose of the legislation. "The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end."

*State v. Cross*, 93 S.W.3d 891, 894 (Tenn. Crim. App. 2002) (citations omitted). A review of the elements of the Tennessee domestic assault statute supports a similar purpose as the North Carolina assault on a female statute — to protect females from assault by males. Accordingly, upon *de novo* review of the trial court's ruling after comparison of the elements of the relevant North Carolina and Tennessee assault statutes, I submit that the

State met its burden of proof to show by a preponderance of the evidence that these statutes are substantially similar. Therefore, I respectfully dissent.