STATE OF NORTH CAROLINA v. TERRY LEE FORTNEY, Defendant

No. COA09-479

(Filed 5 January 2010)

**1. Evidence— prior felony conviction—rejection of defendant's stipulation—not unfairly prejudicial**

The trial court did not abuse its discretion in a prosecution for possession of a firearm by a felon, carrying a concealed weapon, and narcotics offenses by allowing evidence of defendant's specific prior felony conviction even though he had offered to stipulate that he had a prior felony.

**2. Evidence— constructive possession—borrowed vehicle— totality of circumstances**

The trial court did not err by failing to dismiss all charges, including possession of a firearm by a felon, possession of a schedule II controlled substance, possession of marijuana, possession of drug paraphernalia, and carrying a concealed weapon, based on alleged insufficient evidence because the totality of the circumstances revealed that a reasonable jury could conclude that defendant constructively possessed the contraband in the carry bag of a borrowed motorcycle.

**3. Sentencing— prior record level—out-of-state offense— failure to show substantial similarity with North Carolina offense**

The trial court's determination that defendant had a prior record level VI with 19 points was remanded for resentencing solely to determine whether defendant had 18 or 19 sentencing points where the trial court failed to determine whether a New York offense was substantially similar to a North Carolina offense.

Appeal by defendant from judgment entered 5 November 2008 by Judge Mark E. Klass in Cabarrus County Superior Court. Heard in the Court of Appeals 14 October 2009.

*Attorney General Roy Cooper, by Assistant Attorney General E. Michael Heavner, for the State.*

*William D. Auman for defendant-appellant.*

HUNTER, Robert C., Judge.

Defendant Terry Lee Fortney appeals from his convictions for possession of a firearm by a felon, possession of a schedule II controlled substance, possession of marijuana, possession of drug paraphernalia, and carrying a concealed weapon. Defendant contends that the trial court erred by admitting evidence of defendant's prior first-degree rape conviction and by failing to dismiss the charges due to insufficient evidence. Defendant additionally argues that the trial court incorrectly calculated his prior record level for sentencing purposes. We conclude that the admission of defendant's prior conviction was not unfairly prejudicial; and, that the trial court properly denied defendant's motion to dismiss. We agree with defendant, however, that the trial court erred in calculating his prior record level. Accordingly, we reverse as to the sentence and remand for proper calculation.

## Facts

The evidence at trial tended to show that in the late evening hours of 22 September 2007, officers with the Cabarrus County Sheriff's Office were conducting a driving-while-impaired checkpoint. Sergeant Dennis McClure observed defendant driving a Harley Davidson motorcycle towards the checkpoint. Defendant almost came to a stop on Highway 49 before turning into Car Connection, a closed business located across the street from the checkpoint. McClure watched as defendant removed his helmet, positioned the helmet over the rear reflector of the motorcycle, thereby obscuring the reflector, and pushed the motorcycle into the lower part of the parking lot.

McClure and other officers located the motorcycle with the helmet still covering the rear taillight, and began searching for defendant, whom McClure had observed having "grey, kind of bushy hair" and wearing a "white or a light-colored T-shirt." Subsequently, officers located defendant crouched behind two parked cars approximately 25 to 30 feet away from the motorcycle.

After determining that defendant had a revoked driver's license, McClure placed defendant under arrest and began to search defendant and the motorcycle. The search of defendant's person revealed only a cell phone. Attached between the handlebars of the motorcycle was a carry bag which contained a .32 caliber Savage Arms handgun, a bag of what appeared to the officers to be marijuana seeds, rolling papers, marijuana, a bag of what appeared to be crystal methamphetamine, and a cell phone charger.

Defendant indicated that the motorcycle belonged to a friend. Defendant denied knowledge of the contents of the carry bag, but acknowledged ownership of the cell phone. When asked whether the cell phone charger in the bag was his, he responded: "I don't know." Officers plugged the charger into the cell phone and determined that they were a match.

Defendant was charged with possession of a firearm by a felon, possession of a schedule II controlled substance, carrying a concealed weapon, possession of marijuana, possession of drug paraphernalia, and driving with a revoked license. At trial, defendant offered to stipulate to having a prior felony. After the State declined to accept the stipulation, the trial court, over defendant's objection, allowed defendant's 1979 judgment for first-degree rape to be admit-

ted into evidence. The trial court also allowed a court clerk to testify regarding the information contained in the judgment. At the close of the State's evidence, the trial court dismissed the charge of driving with a revoked license. The jury convicted defendant on all remaining charges. Over defendant's objection, he was sentenced as a Level VI offender with 19 points, including five points for out-of-state convictions. Defendant was sentenced to a presumptive-range term of 29 to 35 months imprisonment. Defendant timely appealed to this Court.

I

**[1]** Defendant first argues that the trial court erred by allowing evidence of defendant's specific prior felony conviction when he had offered to stipulate that he had a prior felony. Specifically, defendant claims that the testimony of Overcash as to the first-degree rape conviction was inadmissible hearsay. Alternatively, defendant contends that the admission of the prior judgment was unfairly prejudicial to defendant in violation of Rule 403 of the Rules of Evidence.

N.C. Gen. Stat. § 14-415.1(b) (2007) provides in pertinent part:

When a person is charged under this section, records of prior convictions of any offense, whether in the courts of this State, or in the courts of any other state or of the United States, shall be admissible in evidence for the purpose of proving a violation of this section. . . . A judgment of a conviction of the defendant or a plea of guilty by the defendant to such an offense certified to a superior court of this State from the custodian of records of any state or federal court shall be prima facie evidence of the facts so certified.

This statute expressly allows for the admission of certified judgments to prove the existence of a prior felony. When a statute explicitly provides for the introduction of certain evidence, that alone provides a sufficient basis for its admission. *State v. Leach*, 166 N.C. App. 711, 717, 603 S.E.2d 831, 836 (2004). The trial court, therefore, properly admitted defendant's prior conviction pursuant to N.C. Gen. Stat. § 14-415.1(b).

Defendant nonetheless argues that he was unfairly prejudiced by the admission of the evidence of his prior conviction. During the trial, defendant offered to stipulate that he had a prior felony, but the State declined to accept the stipulation, and the trial court, over defendant's objection, allowed the State to present defendant's 1979 judgment for first-degree rape. Defendant contends that the trial

court should have enforced his offered stipulation and excluded evidence concerning his prior conviction because, although relevant, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice under Rule 403. Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court, *State v. Mason*, 315 N.C. 724, 731, 340 S.E.2d 430, 435 (1986), and the court's ruling may be reversed on appeal only upon a showing that it could not have been the result of a reasoned decision, *State v. Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985).

Generally, the State is not required to accept an evidentiary stipulation, but rather, is entitled to prove all essential elements of its theory of the case. *See State v. Little*, 191 N.C. App. 655, 661, 664 S.E.2d 432, 437 (" '[T]he prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.' " (quoting *Old Chief v. United States*, 519 U.S. 172, 186-87, 136 L. Ed. 2d 574, 591-92 (1997)), *disc. review denied*, 362 N.C. 685, 671 S.E.2d 326 (2008). Absent a tendered stipulation, judgments of prior felony convictions are admissible for purposes of proving possession of a firearm by a felon under N.C. Gen. Stat. § 14-415.1(b), since there is no other way for the State to prove its case. *State v. Wood*, 185 N.C. App. 227, 231-32, 647 S.E.2d 679, 684 (2007).

Admission of evidence of a prior conviction may nevertheless result in unfair prejudice where the defendant has offered to stipulate to having a prior conviction so long as the name and general nature of the conviction is not disclosed to the jury. *Little*, 191 N.C. App. at 660, 664 S.E.2d at 436. In determining whether unfair prejudice results in this scenario, the test is whether the prior conviction is substantially similar to the current charges, thus exposing the defendant to the danger that the jury might "generaliz[e] a defendant's earlier bad act into bad character and tak[e] that as raising the odds that he did the later bad act now charged . . . ." *Old Chief*, 519 U.S. at 181, 136 L. Ed. 2d at 588.

In *State v. Jackson*, 139 N.C. App, 721, 732, 535 S.E.2d 48, 55 (2000), *rev'd in part on other grounds*, 353 N.C. 495, 546 S.E.2d 570 (2001), this Court held that the admission of the defendant's prior voluntary manslaughter conviction was not unfairly prejudicial because it was substantially dissimilar to the defendant's then-current charges of carrying a concealed weapon, possession of a firearm by a felon, and resisting a public officer. Similarly, in *Little*, 191 N.C. App.

at 662, 664 S.E.2d at 437, this Court held that the trial court had not abused its discretion in admitting the defendant's prior conviction for involuntary manslaughter during the defendant's trial for attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, possession of a firearm by a felon, and discharging a firearm into occupied property. Because involuntary manslaughter is not a crime involving malice or intent to kill, the Court concluded that it was not substantially similar to the charges for which the defendant was being tried, and, therefore, admission of the evidence of the prior conviction was not unfairly prejudicial. *Id.*

*Jackson* and *Little* are controlling here because, as in those cases, defendant's prior conviction for rape is not substantially similar to the offenses for which he was tried: drug possession, possession of a firearm by a felon, and carrying a concealed weapon. Consequently, we are unable to conclude that admission of defendant's prior felony conviction in lieu of the offered stipulation was an abuse of discretion. Therefore, defendant's first assignment of error is overruled.

## II

[2] Defendant next contends that the trial court erred by failing to dismiss all the charges against him for insufficient evidence. A motion to dismiss due to insufficiency of the evidence is properly denied if the State has presented substantial evidence of each essential element of the offense charged and that the defendant is the perpetrator. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). Substantial evidence is that which a reasonable fact finder might find sufficient to support a conclusion. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). The court must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455.

Defendant maintains that the State failed to present substantial evidence that defendant either actually or constructively possessed any of the contraband found on the motorcycle. A person has constructive possession of an item when he does not have actual physical possession, but is aware of its presence and has both the power and intent to control its disposition or use. *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986). When a defendant does not have exclusive possession of the location where the drugs are found, the State is required to show "other incriminating circumstances" in

order to establish constructive possession. *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001). North Carolina courts have cited a variety of factors that may be used in conjunction with the defendant's presence near the seized contraband to support a finding of constructive possession including: other personal items of the defendant near the contraband, *State v. Autry*, 101 N.C. App. 245, 252, 399 S.E.2d 357, 362 (1991); defendant had some control of the premises where the contraband was found, *State v. Turner*, 168 N.C. App. 152, 156, 607 S.E.2d 19, 20-23 (2005); and defendant's nervous or suspicious behavior, *State v. Carr*, 122 N.C. App, 369, 373, 470 S.E.2d 70, 73 (1996).

In the instant case, the State argues that defendant had control over the motorcycle and carry bag even though he was not the owner of the motorcycle. This Court has previously found that the borrower of a vehicle has the same ability to control its contents as does the owner. *State v. Glaze*, 24 N.C. App. 60, 64, 210 S.E.2d 124, 127 (1974). Thus, "where contraband material is under the control of an accused, even though the accused is the borrower of a vehicle, this fact is sufficient to give rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury." *Id.*

Sufficient incriminating circumstances are present in this case to warrant a finding of constructive possession. When they searched the motorcycle driven by defendant, police found in the carry bag, along with the gun, drugs, and drug paraphernalia, a cell phone charger that matched defendant's cell' phone. From this evidence, a reasonable jury could conclude that defendant was aware of the contents of the carry bag and had the power and intent to control their disposition. *See Autry*, 101 N.C. App. at 252, 399 S.E.2d at 362 (finding sufficient evidence of constructive possession where defendant was found a few feet away from kitchen table where police found jacket, cash, bags of cocaine, and pistol and defendant claimed ownership of jacket and cash).

Defendant's behavior is likewise incriminating. Conduct that this Court has deemed suspicious include attempting to flee from law enforcement, *State v. Harrison*, 93 N.C. App. 496, 498, 378 S.E.2d 190, 192 (1989); sweating profusely, *State v. Tisdale*, 153 N.C. App. 294, 296, 569 S.E.2d 680, 681 (2002); and attempting to hide one's true identity, *Carr*, 122 N.C. App. at 373, 470 S.E.2d at 73. The record indicates that defendant evaded a DWI checkpoint by turning into a business that had closed for the day, obscured the rear reflector, and pushed the motorcycle into the lower portion of the parking lot.

When police searched the area, defendant was found crouched behind two parked cars a few feet away from the motorcycle. Defendant was evasive when asked about who owned the motorcycle and the license plate was found to be fictitious. Based on the totality of the circumstances, a reasonable jury could conclude that defendant constructively possessed the contraband in the carry bag. Therefore, the trial court did not err in denying defendant's motion to dismiss for insufficient evidence.

### III

[3] Defendant's final argument on appeal is that the trial court erred in finding defendant to have a prior record level VI with 19 points. Specifically, defendant alleges that the State failed to produce sufficient evidence to show defendant had been convicted of certain out-of-state convictions. Alternatively, defendant claims that even if those convictions were shown to be his, the trial court failed to examine the out-of-state statutes to determine whether they were based on a "similar statute" for purposes of determining their proper conviction points.

The standard of review relating to the sentence imposed by the trial court is whether the sentence is supported by evidence introduced at the trial and sentencing hearing. *State v. Chivers*, 180 N.C. App. 275, 278, 636 S.E.2d 590, 593 (2006). However, "the question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law" requiring *de novo* review on appeal. *State v. Hanton*, 175 N.C. App. 250, 255, 623 S.E.2d 600, 604 (2006).

"The State bears the burden of proving, by a preponderance of the evidence, that a prior conviction exists and that the offender before the court is the same person as the offender named in the prior conviction." N.C. Gen. Stat. § 15A-1340.14(f) (2007). The statute further provides that a prior conviction may be proven by (1) stipulation of the parties, (2) an original or copy of the court record of the prior conviction, (3) copy of records maintained by the Division of Criminal Information, Division of Motor Vehicles, or Administrative Office of the Courts, or (4) any other method found by the court to be reliable. N.C. Gen. Stat. § 15A-1340.14(f).

The record indicates that the State tendered to the trial court a computerized criminal history printout from the FBI's National Crime Information Center ("NCIC") database. This printout, reporting convictions for possession of a firearm by a felon in Virginia and

"Assault-3rd" in New York, shows defendant's name, date of birth, sex, race, and height. Since the NCIC printout included the offender's weight, eye color, hair color, scars, and tattoos, the trial court had the opportunity to compare the characteristics to those of defendant.

No North Carolina court has specifically addressed whether an NCIC printout is an appropriate method of proving a defendant's prior conviction history. Although NCIC reports are not among the enumerated items contained in N.C. Gen. Stat. § 15A-1340.14(f), the statute provides for proof by "any other method" deemed reliable. We conclude that the NCIC report tendered in this case contained sufficient identifying information to prove by a preponderance of the evidence that defendant was the subject of the report and the perpetrator of the offenses specified in the report.

Additionally, the State tendered to the trial court a document obtained from the commonwealth attorney's office in Virginia detailing the conviction for possession of a firearm by a felon. This document, entitled "Virginia Courts Case Information," although missing defendant's year of birth and social security number, comports in all other respects with the NCIC printout. Therefore, based on all the information presented, there is sufficient evidence to support the trial court's finding that defendant had been convicted of these out-of-state felonies.

N.C. Gen. Stat. § 15A-1340.14(e) provides that:

Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony, or is classified as a Class 3 misdemeanor if the jurisdiction in which the offense occurred classifies the offense as a misdemeanor. . . . If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points. If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.

Determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense. *Hanton,* 175 N.C. App. at 255, 623 S.E.2d at 604.

Although the record does not reveal the trial court's review or analysis of the Virginia statute, the judge did technically make "the finding of the statute being similar in Virginia and North Carolina." Defendant's Virginia conviction was for "[p]ossession . . . of firearms . . . by convicted felons," which prohibits:

> any person who has been convicted of a felony under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm . . . .

Va. Code Ann. § 18.2-308.2(A) (1992). A violation of this statute is punishable as a Class 6 felony. Va. Code Ann. § 18.2-308.2(A). The corresponding North Carolina statute makes it unlawful for "any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . ." N.C. Gen. Stat. § 14-415.1 (2007). This offense is defined as a Class G felony carrying four points for sentencing. We find these statutory offenses to be "substantially similar" as required by N.C. Gen. Stat. § 15A-1340.14(e). The trial court, therefore, did not err in treating defendant's Virginia conviction as a Class G felony for purposes of calculating defendant's prior record level.

With respect to defendant's New York assault conviction, however, the State concedes and we so hold that the trial court failed to determine whether it is substantially similar to a North Carolina offense and that the case should be remanded for the trial court to make such a determination. Without the one point assigned to this conviction, defendant would have a prior record level of V rather than VI; it is thus necessary for the trial court to determine whether the New York conviction is substantially similar to a North Carolina offense. Consequently, we remand for resentencing solely to determine whether defendant has 18 or 19 sentencing points.

No error at trial; reversed and remanded for re-sentencing.

Judges CALABRIA and GEER concur.