McGEE, Judge.
Rondell Luvell Sanders (“Defendant”) appeals from his re-sentencing for robbery with a dangerous weapon. In an earlier appeal to this Court, Defendant asserted error in the prior record level determination, which included points based on the substantial similarity of Tennessee *264 offenses to North Carolina offenses. This Court remanded for resen-tencing because it appeared the trial court compared the punishments, rather than comparing the elements of the offenses. State v. Sanders, _N.C. App._, 736 S.E.2d 238 (2013).
I. Standard of Review
The “question of whether a conviction under an out-of-state statute is substantially similar to an offense under North Carolina statutes is a question of law requiring de novo review on appeal.” State v. Fortney, 201 N.C. App. 662, 669, 687 S.E.2d 518, 524 (2010) (internal quotation marks omitted).
II. Pate of Prior Tennessee Offenses
Defendant argues the trial court erred by assigning points for Tennessee convictions because the State did not prove the Tennessee statutes were unchanged from the versions under which Defendant was convicted. We disagree.
In State v. Burgess,_N.C. App._, 715 S.E.2d 867 (2011), this Court remanded for resentencing when the State presented the 2008 versions of the out-of-state statutes and “presented no evidence that the statutes were unchanged from the 1993 and 1994 versions under which [the] defendant had been convicted.” Burgess,_N.C. App. at_, 715 S.E.2d at 870.
In the present case, the State presented copies of judgments to the trial court showing Defendant was convicted in Tennessee of theft on 10 March 2009 and domestic assault on 6 January 2009. Defendant contends the judgments do not show the date of the offenses. However, Defendant provides no support for his implied assertion that the date of each offense is necessary to determine which version of the Tennessee criminal statute applied.
It is true that, in North Carolina, the date of offense often determines which version of a criminal statute applies. See, e.g., “An Act to Provide That If a Defendant Has Four or More Prior Larceny Convictions, A Subsequent Larceny Offense is a Felony,” 2012 N.C. Sess. Laws ch. 154 § 2 (“This act becomes effective December 1, 2012, and applies to offenses committed on or after that date.”); “An Act to Amend the Law Concerning Assaults on Governmental Officers and Employees and to Make It a Felony to Assault a Governmental Officer or Employee with a Deadly Weapon,” 1991 N.C. Sess. Laws ch. 525 § 3 (“This act becomes effective October 1, 1991, and applies to offenses committed on or after *265 that date. Prosecutions for offenses committed before the effective date of this act are not abated or affected by this act[.]”).
However, because Defendant cites no Tennessee authority to show that statutory amendments in Tennessee operate in the same manner as the North Carolina amendments above, we must assume the State presented the correct versions of the Tennessee criminal statutes at issue. Defendant has thus not demonstrated error on this basis.
Hi. Substantial Similarity of Tennessee Offense of Theft to North Carolina Offense of Misdemeanor Larceny
Defendant also argues the trial court erred in finding the Tennessee offense of theft substantially similar to the North Carolina offense of misdemeanor larceny.
If the State proves by the preponderance of the evidence that an offense classified as a misdemeanor in the other jurisdiction is substantially similar to an offense classified as a Class A1 or Class 1 misdemeanor in North Carolina, the conviction is treated as a Class A1 or Class 1 misdemeanor for assigning prior record level points.
N.C. Gen. Stat. § 15A-1340.14(e) (2011). “For each prior misdemeanor conviction as defined in this subsection, 1 point.” N.C. Gen. Stat. § 15A-1340.14(b)(5).
“Determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the .North Carolina offense.” Fortney, 201 N.C. App. at 671, 687 S.E.2d at 525 (emphasis added); see also State v. Sanders,_N.C. App._,_, 736 S.E.2d 238, 240 (2013) (“the trial court must compare ‘the elements of the out-of-state offense to those of the North Carolina offense”); State v. Wright, 210 N.C. App. 52, 71, 708 S.E.2d 112, 126 (2011).
Although the case law is clear that the determination as to substantial similarity involves comparison of the elements of the offenses, the determination as to what exactly constitutes substantial similarity remains unclear. While N.C.G.S. § 15A-1340.14(e) “provides that either the State or the defendant may prove that an offense for which the defendant was convicted in a foreign jurisdiction is substantially similar to a North Carolina offense, the statute does not give guidance as to how a trial court is to make such a determination.” State v. Phillips,_N.C. App._,_, 742 S.E.2d 338, 343 (2013) (citing State v. Hanton, 175 N.C. App. 250, 623 S.E.2d 600 (2006)).
*266 Defendant cites State v. Amanns, 2 S.W.3d 241 (Tenn. Crim. App. 1999) for the elements of “theft of property.” “In order to obtain a conviction for theft, the State must prove (1) the defendant knowingly obtained or exercised control over property; (2) the defendant did not have the owner’s effective consent; and (3) the defendant intended to deprive the owner of the property.” Amanns, 2 S.W.3d at 244-45.
The only difference between the elements of the offenses that Defendant points out is that the Tennessee offense requires no showing of permanent deprivation. Defendant asserts that, if a defendant simply “took a joyride on somebody’s horse, he would violate Tennessee’s theft statute.”
However, it appears that the court in Amanns was merely giving a shortened recitation of the elements. In a challenge to the sufficiency of evidence in an attempted theft case, the Court of Criminal Appeals of Tennessee considered whether the State showed the defendant “possessed the requisite intent to 'permanently deprive each of the owners of their automobiles.” State v. Roberts, 943 S.W.2d 403, 410 (Tenn. Crim. App. 1996) (emphasis added), overruled on other grounds by State v. Ralph, 6 S.W.3d 251 (Tenn. 1999). Thus, courts in Tennessee have held that Tennessee’s theft statute requires an intention to permanently deprive the owner of property.
Defendant’s contention that the offenses are not substantially similar on this basis is without merit. The trial court did not err in concluding the Tennessee offense of theft and the North Carolina offense of larceny are substantially similar.
IV. Substantial Similarity of Tennessee Offense of Domestic Assault to North Carolina Offense of Assault on a Female
Defendant next argues the trial court erred in finding the Tennessee offense of domestic assault substantially similar to the North Carolina offense of assault on a female. Defendant makes two contentions in support of his argument.
A. Necessity of Reviewing Applicable Statutes
First, Defendant contends “the State did not offer the Tennessee statute necessary to determine the elements of the offense.” The State presented a copy of Tenn. Code Ann. § 39-13-111. However, that statute refers to another statute which the State did not provide to the trial court, namely, Tenn. Code Ann. § 39-13-101.
The Tennessee domestic assault .statute reads: “A person commits domestic assault who commits an assault as defined in § 39-13-101 *267 against a domestic abuse victim.” Term. Code Ann. § 39-13-lll(b). Both statutes are thus necessary to understanding the elements of the Tennessee offense of domestic assault. The record contains no indication that the trial court considered both Term. Code Ann. §§ 39-13-111 and 39-13-101. Defendant has shown error in the trial court’s determination under Fortney.
B. Substantial Similarity
Second, Defendant contends the offenses are not substantially similar because “the Tennessee statute is gender and age neutral in its definition of ‘domestic abuse victims.’ ” The North Carolina offense of assault on a female is set forth in N.C. Gen. Stat. § 14-33(c).
[A]ny person who commits any assault, assault and battery, or affray is guilty of a Class A1 misdemeanor if, in the course of the assault, assault and battery, or affray, he or she . . . [ajssaults a female, he being a male person at least 18 years of age[.]
N.C. Gen. Stat. § 1433(c)(2) (2011).
By contrast, the Tennessee offense of domestic assault is as follows: “A person commits domestic assault who commits an assault as defined in § 39-13-101 against a domestic abuse victim.” Term. Code Ann. § 39-13-111(b). “Domestic abuse victim” is defined as any person who falls within the following categories:
(1) Adults or minors who are current or former spouses;
(2) Adults or minors who live together or who have lived together;
(3) Adults or minors who are dating or who have dated or who have or had a sexual relationship, but does not include fraternization between two (2) individuals in a business or social context;
(4) Adults or minors related by blood or adoption;
(5) Adults or minors who are related or were formerly related by marriage; or
(6) Adult or minor children of a person in a relationship that is described in subdivisions (a)(l)-(5).
Term. Code Ann. § 39-13-lll(a).
*268 An examination of the elements reveals that the North Carolina offense of assault on a female and the Tennessee offense of domestic assault are not substantially similar, especially given that “the rule of lenity requires us to interpret [N.C.G.S. § 15A-1340.14(e)] in favor of defendant.” Phillips,_N.C. App. at_, 742 S.E.2d at 343 (quoting Hanton, 175 N.C. App. at 259, 623 S.E.2d at 606).
The Tennessee offense requires showing that the victim falls into one of six categories. The categories describe particular relationships between the defendant and the victim. By contrast, the North Carolina offense of assault on a female requires no showing as to a particular relationship between the defendant and the victim.
A second significant difference between the offenses is that the North Carolina offense requires the victim be female. The Tennessee offense does not require the victim be female. Based on these two significant differences, we must conclude the trial court erred in finding that the Tennessee offense of domestic assault was substantially similar to the North Carolina offense of assault on a female.
The dissent analyzes the facts of the Tennessee offense to determine whether Defendant could be convicted of assault on a female in North Carolina. As previously discussed, we are required to compare the elements of the Tennessee offense to the elements of the North Carolina offense. “Determination of whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense.” Fortney, 201 N.C. App. at 671, 687 S.E.2d at 525 (emphasis added); see also Sanders,_N.C. App. at_, 736 S.E.2d at 240 (“the trial court must compare ‘the elements of the out-of-state offense to those of the North Carolina offense”); Wright, 210 N.C. App. at 71, 708 S.E.2d at 126. The trial court erred in finding that the Tennessee offense of domestic assault was substantially similar to the North Carolina offense of assault on a female.
V. Conclusion
Defendant has demonstrated no error in the trial court’s determination as to the Tennessee offense of theft. However, Defendant has shown error in the trial court’s determination as to the Tennessee offense of domestic assault, and we remand for resentencing.
Affirmed in part; remanded in part for resentencing.
Judge STROUD concurs.