IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-624

No. COA21-497

Filed 20 September 2022

Durham County, No. 20 CRS 1644

IN THE MATTER OF: ANTHONY JOSEPH PELLICCIOTTI.

Appeal by defendant from the Order entered 2 February 2021 by Judge Michael O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 8 March 2022.

*Attorney General Joshua H. Stein, by Assistant Attorney General Alan D. McInnes, for the State-Appellee.*

*Thomas, Ferguson & Beskind, LLP by Kellie Mannette and Jay H. Ferguson, for Defendant-Appellant.*

CARPENTER, Judge.

¶ 1 Anthony Joseph Pellicciotti ("Defendant") appeals from an order (the "Order") requiring him to register as a sex offender upon his relocation to North Carolina, arguing the out-of-state offense is not substantially similar to a reportable North Carolina offense. After careful review, we affirm the Order of the trial court.

## I. Factual and Procedural Background

¶ 2     On 28 November 2011, Defendant pleaded guilty to second-degree statutory sexual assault in Pennsylvania.   18 Pa. Cons. Stat. Ann. § 3122.1 (West 1995) (amended 2012).[1]  On 13 November 2020, after Defendant moved to North Carolina, the Durham County Sheriff's Office notified Defendant that he was required to register as a sex offender based on his out-of-state conviction.  Defendant timely filed a petition contesting the registration requirement.

¶ 3     On 2 February 2021, the trial court held a hearing on the petition.  The State argued 18 Pa. Cons. Stat. Ann. § 3122.1 was substantially similar to N.C. Gen. Stat. § 14-27.25(a).  Defendant conceded 18 Pa. Cons. Stat. Ann. § 3122.1 was substantially similar to subsection (b) of N.C. Gen. Stat. § 14-27.25, a non-reportable Class C felony, but argued it was not substantially similar to subsection (a) of the same, a reportable Class B1 felony.  The trial court concluded 18 Pa. Cons. Stat. Ann. § 3122.1 was substantially similar to N.C. Gen. Stat. § 14-27.25(a), a reportable offense, and

---

[1] The Pennsylvania statute was amended in December 2011, with the amended version taking effect in February 2012.  The record reveals the trial court conducted its substantial similarity analysis using the amended 2012 version of the Pennsylvania statute, whereas Defendant was convicted under the 1995 version.  The 1995 version, which did not contain subsections, is quoted above.  The 2012 version added a second category of defendants who could be convicted of a second-degree felony: one who is eight years older but less than eleven years older than the complainant.  18 PA. Cons. Stat. Ann. § 3122.1(a)(2) (amended 2012).  The 2012 amendment also added a first-degree felony when a defendant is eleven or more years older than the complainant.  18 PA. Cons. Stat. Ann. § 3122.1(b) (2012).  In short, the 2012 amendment expanded the Pennsylvania statute; however, it did not substantively alter the offense applicable to Defendant's case, which explains why this apparent discrepancy was not challenged on appeal.

entered the Order requiring registration as a sex offender. On 9 February 2021, Defendant filed timely, written notice of appeal.

## II. Jurisdiction

¶ 4 Jurisdiction lies in this Court as a matter of right over a final judgment of the superior court, pursuant to N.C. Gen. Stat. § 7A-27(b) (2021).

## III. Issue

¶ 5 The sole issue on appeal is whether the trial court erred by determining the Pennsylvania offense of second degree statutory sexual assault was substantially similar to the reportable North Carolina offense of statutory rape of a person who is fifteen years of age or younger, thereby requiring Defendant to register as a sex offender upon his change of residency to North Carolina.

## IV. Analysis

### A. Standard of Review

¶ 6 The question of "whether the out-of-state conviction is substantially similar to a North Carolina offense is a question of law involving comparison of the elements of the out-of-state offense to those of the North Carolina offense." *State v. Fortney*, 201 N.C. App. 662, 671, 687 S.E.2d 518, 525 (2010) (citation omitted). Questions of law are reviewed by an appellate court *de novo*. *Id.* at 669, 687 S.E.2d at 524. The trial court determines whether the statutes are substantially similar by "compar[ing] the elements of the out-of-state . . . offense to those purportedly similar to a North

Carolina offense." N.C. Gen. Stat. § 14-208.12B(c) (2021). The inquiry in a comparison of the elements test is narrow; courts are limited to examining the elements of each statute, without considering any underlying facts of the conviction or legislative purpose. *See State v. Sanders*, 367 N.C. 716, 719–20, 766 S.E.2d 331, 334 (2014).

### B. Substantial Similarity

¶ 7     Under North Carolina law, any person with a "reportable conviction" must register with the sheriff of their county of residence. N.C. Gen. Stat. § 14-208.7(a) (2021). A reportable conviction includes any conviction from another state "which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense . . . ." N.C. Gen. Stat. § 14-208.6(4)(b) (2021). At the hearing, the State is required to prove by a preponderance of the evidence that the out-of-state conviction is substantially similar to a reportable conviction in North Carolina. N.C. Gen. Stat. § 14-208.12B(c). When performing the analysis, it is not a requirement that the "statutory wording precisely match, but rather that the offense be substantially similar[.]" *State v. Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 7 (internal quotations omitted); *see also* N.C. Gen. Stat. § 14-208.6(4)(b).

> Standing alone, neither word—"substantially" or "similar"—connotes literalness; therefore, when these words are combined to create the legal term of art "substantially similar," this chosen phraseology reinforces the lack of a requirement for the statutory language in one

enactment to be the same as the statutory language in another enactment in order for the two laws to be treated as "substantially similar."

*Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 12.

¶ 8    The version of the Pennsylvania statute in effect at the time of Defendant's conviction reads: "a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and person are not married to each other." 18 Pa. Cons. Stat. Ann. § 3122.1 (West 1995). The trial court determined this offense was substantially similar to the North Carolina offense of "[s]tatutory rape of person who is 15 years of age or younger." N.C. Gen. Stat. § 14-27.25.

¶ 9    In order to compare the offenses contained in the two statutes, we examine each element in turn. The 1995 version of the Pennsylvania statute results in a second-degree felony when a defendant:

(1) Engages in *sexual intercourse;*
(2) With a person under the age of 16;
(3) The defendant is *four* or more years older; and
(4) The person and defendant are not married to each other.

18 Pa. Cons. Stat. Ann. § 3122.1 (emphasis added). The elements of the North Carolina offense of statutory rape requires proof the defendant:

(1) Engaged in *vaginal intercourse;*
(2) With another person who is under the age of 16;

(3) And defendant is at least *six* years older than the complainant; and
(4) Defendant was not lawfully married to complainant.

N.C. Gen. Stat. § 14-27.25(a) (emphasis added).  Under North Carolina law, statutory rape is classified as a sexually violent offense reportable under N.C. Gen. Stat. § 14-208.6(4) and thus requiring registration.  *See* N.C. Gen. Stat. § 14-208.6(5) (2021) (listing all sexually violent offenses); *see also* N.C. Gen. Stat. § 14-27.25(a).  Because subsection (b) is not a reportable offense, the sole focus of our substantial similarity analysis is subsection (a).  *See* N.C. Gen. Stat. § 14-27.25.

¶ 10        Defendant asserts our Legislature has drawn a "line" between the two categories of offenders: those required to register under subsection (a), and those not required to register under subsection (b).  *See* N.C. Gen. Stat. § 14-27.25.  However, in a "comparison of the elements test," the legislative purpose of respective statutes is not a consideration for the courts.  *See Sanders,* 367 N.C. at 719–20, 766 S.E.2d at 333–34 (rejecting the State's argument that the court should "look beyond the elements of the offenses and consider . . . the legislative purpose of the respective statutes" as the court may only consider the elements of the offenses); *see also Graham,* 379 N.C. 75, 2021-NCSC-125, ¶ 14  (citing the *Sanders* Court's narrow elemental inquiry in a "comparison of the elements" test approvingly).  Assuming *arguendo* that the applicable Pennsylvania offense is substantially similar to N.C. Gen. Stat. § 14-27.25(b), Defendant would not be required to register, and the point

is moot. The Order requiring Defendant's registration indicates the trial court determined the Pennsylvania offense was substantially similar to N.C. Gen. Stat. § 14-27.25(a), thus requiring Defendant to register as a sex offender in this State. *See* N.C. Gen. Stat. § 14-208.7(a). Our inquiry is accordingly limited to whether a comparison of the elements reveals the Pennsylvania offense is substantially similar to N.C. Gen. Stat. § 14-27.25(a). We now turn to that question.

1. Type of Intercourse Required

The first distinction between the two statutes is the type of intercourse required to commit the offense of statutory rape. The North Carolina statute uses the term "vaginal intercourse," whereas the Pennsylvania statute uses the more expansive term "sexual intercourse." *See* N.C. Gen. Stat. § 14-27.25(a); *see also* 18 Pa. Cons. Stat. Ann. § 3122.1. "Both statutes employ nearly identical language that the act of physical intercourse is conducted by the perpetrator with another person and that the other person is not the offender's spouse by virtue of a lawful marriage." *See Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 9 (comparing the definitions of "sexual intercourse" in a Georgia statute and "vaginal intercourse" in N.C. Gen. Stat. § 14-27.25). Accordingly, we conclude Pennsylvania's "sexual intercourse" element is substantially similar to North Carolina's "vaginal intercourse" element.

2. Age Requirements for Offenders

¶ 12    Defendant maintains the Pennsylvania offense of statutory rape is not substantially similar to the North Carolina offense because Pennsylvania requires a defendant be at least four years older than complainant, and North Carolina requires the defendant be at least six years older.  *See* 18 Pa. Cons. Stat. Ann. § 3122.1(a); s*ee also* N.C. Gen. Stat. § 14-208.7(a).  To support his position, Defendant relies on two cases where a court determined the out-of-state offense was not substantially similar to a North Carolina offense.  After careful review, we conclude each case is distinguishable.

¶ 13    First, in *Sanders*, our Supreme Court determined the Tennessee offense of "domestic assault" was not substantially similar to North Carolina's offense of "assault on a female" because the relevant statutes applied to different defendants and different victims.  367 N.C at 721, 766 S.E.2d at 334.  A person is guilty of domestic assault in Tennessee when they commit an assault against a "domestic abuse victim."  *Id.* at 719, 766 S.E.2d at 333.  Whether someone is a "domestic abuse victim" is determined by six categories, all of which require some sort of relationship between the defendant and the victim, *e.g.*, spouses, related by blood or adoption, or dating partners.  *Id.* at 720, 766 S.E.2d at 333–34.  In North Carolina, a person commits the offense of assault on a female when a male assailant, at least eighteen years old, attacks a female.  *Id.* at 719, 766 S.E.2d at 333.  These statutes were not substantially similar, as recognized by the Court, because a stranger could attack a

female in Tennessee and it would not be domestic assault, and a mother could strike her child, husband, or another female in North Carolina and it would not be assault on a female. *See id.* at 721, 766 S.E.2d at 334 (listing possible scenarios in which a defendant could be convicted under the Tennessee statute but not the North Carolina statute, and vice versa). As explained by the *Graham* Court during its analysis of the statutory differences between its case and *Sanders*, there is a "meaningful difference" between "1) a one-year difference in the age of early teenagers who are victims and 2) specified age difference delineations between victims and offenders in [*Graham*], and 1) a total elimination of one gender from the ability to offend and 2) the relationship status of victims and offenders in *Sanders.*" *Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 15.

¶ 14        Second, Defendant's reliance on *State v. Bryant* is misplaced—its reasoning has been soundly rejected, if not implicitly overruled, by subsequent North Carolina jurisprudence. 255 N.C. App. 93, 804 S.E.2d 563 (2017); s*ee State v. Graham*, 270 N.C. App. 478, 494–95, 841 S.E.2d 754, 767–68 (2020), *aff'd.* 379 N.C. 75, 2021-NCSC-125. In *Bryant*, this Court held the South Carolina offense of criminal sexual conduct with a minor was not substantially similar to North Carolina's statutory rape of a child by an adult because the age of the victims in each statute differed by two years. 255 N.C. App. at 99–100, 804 S.E.2d at 567–68. *Bryant* is an anomaly in our jurisprudence—in most other cases in which our courts have found two statutes were

not substantially similar, one offense contained an element far more distinct than a different age requirement. *See Sanders*, 367 N.C. at 719–21, 766 S.E.2d at 333–34; *State v. Hogan*, 234 N.C. App 218, 230, 758 S.E.2d 465, 474 (2014) (holding the New Jersey offense of third degree theft was not substantially similar to the North Carolina offense of felony larceny because "there are many elements of third degree theft not found in misdemeanor larceny" and some of the elements of the New Jersey offense would make "the larceny a felony in North Carolina"); *State v. Hanton,* 175 N.C. App. 250, 259, 623 S.E.2d 600, 607 (2006) (holding New York's second degree assault offense was not substantially similar to North Carolina's assault inflicting serious injury because it lacked the "serious injury" requirement). Moreover, our courts have also found substantial similarity between two offenses with greater differences than an age requirement. *See Fortney*, 201 N.C. App. at 671, 687 S.E.2d at 525 (holding Virginia's possession of a firearm by a felon was substantially similar to North Carolina's analogous offense, even though the Virginia offense required *mens rea* and the North Carolina offense only required the firearm be in the defendant's "possess[ion], custody, care, or control").

¶ 15    The "aberrant nature of our holding in *Bryant*" has been recognized by this Court. *Graham*, 270 N.C. App. at 495, 841 S.E.2d at 768, *aff'd.* 379 N.C. 75, 2021-NCSC-125. Furthermore, our Supreme Court recently held in *Graham* that minor

deviations in an age requirement are insufficient to prevent two offenses from being substantially similar. *See Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 11.

¶ 16    The instant case is nearly identical to *Graham*, which therefore controls our analysis. *See id.* In *Graham*, our Supreme Court conducted a substantial similarity analysis comparing N.C. Gen. Stat. § 14-27.5 and Georgia's statutory rape provision. *Id.*, ¶¶ 4, 5. The Georgia statute applied to sexual intercourse with any person under sixteen years of age, "unless the victim is fourteen or fifteen years of age and the defendant is no more than three years older than the victim." *Id.*, ¶ 4 (citing Ga. Code Ann. § 16-6-3 (2001)). The North Carolina offense, incidentally the same at issue here, required the defendant be at least six years older. *Id.*, ¶ 5 (citing N.C. Gen. Stat. § 14-27.25 (2015)). The Court rejected the defendant's argument that the Georgia statutory rape offense and the North Carolina offense were not substantially similar due to the different age requirements. *Id.*, ¶ 10. The defendant contended two statutes could not be substantially similar if one statute "render[ed] the other state's law narrower or broader" such that a person could be convicted of the same crime in one state, but not the other. *Id.* In rejecting this argument, the majority reasoned the defendant "conflate[d] the requirement that statutes subject to comparison be substantially similar to one another with his erroneous perception that the two statutes" must be identical. *Id.*, ¶ 11. As a result, the Court held the Georgia

statutory rape statute was substantially similar to the North Carolina statutory rape statute. *Id.*

¶ 17　　Here, unlike in *Sanders*, the Pennsylvania offense of second-degree statutory rape and the North Carolina offense both apply to victims who are under the age of sixteen, and they both require physical intercourse of some kind. *See Sanders*, 367 N.C. at 719–20, 766 S.E.2d at 333–34. The two statutes implicate the same behavior to the same victim. Akin to *Graham*, where a primary difference between the two statutes was a one-year difference in the age of victims, the age differential between victims and defendants required by the statutes *sub judice* varies by merely two years. *See Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 10. Contrary to Defendant's argument, even though a defendant who is five years older than the victim could be prosecuted in Pennsylvania but not North Carolina, that difference alone is insufficient to render the two statutes substantially dissimilar. *See id.*, ¶ 11; *see also State v. Riley*, 253 N.C. App. 819, 827, 802 S.E.2d 494, 500 ("There may be other hypothetical scenarios which highlight the more nuanced differences between the two offenses. But the subtle distinctions do not override the almost inescapable conclusion that both offenses criminalize *essentially the same conduct*[.]") (emphasis added).

¶ 18　　In relying on *Sanders* to support the proposition that the statutes are not substantially similar due to different age requirements, Defendant conveniently overlooks the reasoning in *Graham* that "substantially similar," by definition,

requires something less than "identicalness." *See Graham*, 379 N.C. 75, 2021-NCSC-125, ¶ 12. The majority in *Graham* strongly emphasized the distinction between "substantially similar" and "identicalness[,]" reasoning that requiring a "mirrored reflection" between two statutes takes an "erroneously expansive approach" to the analysis. *Id.* Our Supreme Court expressly declined to articulate a "bright line rule" because such an analysis requires "flexibility" in comparing the elements of two statutes. *Id.*, ¶ 16. The majority of our Supreme Court rejected the dissent's approach, which it characterized as a "test of identicalness[,]" because "[t]here are so many iterations of so many similar laws written in so many different ways . . . [and] courts of this state must necessarily possess the ability to operate with *flexibility*" in determining whether two laws are substantially similar. *Id.*, ¶ 17 (emphasis added); *see also id.*, ¶ 32 (Earls J., dissenting) (arguing the "majority's unwillingness to articulate a clear legal rule . . . creates a significant risk of rendering [the statute] unconstitutionally vague").

¶ 19         *Graham* further differentiated cases such as here, where there is a two-year age difference in defendants, from *Sanders*, where one statute eliminates one gender from the list of potential offenders. *Id.*, ¶ 15. Based on *Graham*, a two-year disparity in the minimum age difference between victims and defendants is insufficient to persuade us the Pennsylvania statute and the North Carolina statute are not substantially similar. *See id.*

¶ 20 Finally, Defendant argues *Graham* limited its holding to sentencing purposes only. We disagree. Although the narrow issue on appeal in *Graham* concerned the calculation of sentencing points resulting from prior convictions, the majority conducted a thorough substantial similarity analysis without including language limiting its reasoning to sentencing purposes. *See id.*, ¶¶ 12–14. Defendant notes two *Graham* references to "sentencing purposes," but these references explain the lower court's actions rather than constituting substantive analysis. *Id.*, ¶¶ 8, 11. Furthermore, requiring registration as a sex offender and calculating prior record points share a similar purpose of determining present consequences for prior bad acts. We discern no logical basis to suggest "substantial similarity" would be defined or applied differently in either context, hence our application of the sound legal principles set forth in *Graham*.

¶ 21 Our conclusion that the Supreme Court's reasoning in *Graham* controls is only reinforced by the fact that the Court considered the same North Carolina statute at issue here. We therefore hold the trial court did not err in concluding the two offenses specified in the Pennsylvania and North Carolina statutes are substantially similar despite a minor variation in minimum age difference between victim and defendant.

**C. Rule of Lenity**

¶ 22 Finally, Defendant asserts the rule of lenity should apply to interpret the statute in his favor because the rule applies when there are "multiple North Carolina

offenses" that are substantially similar to the out-of-state offense. *See Hanton*, 175 N.C. App. at 259, 623 S.E.2d at 606. "The rule of lenity is a principle of statutory interpretation that only applies when an appellate court is charged with interpreting an ambiguous statute." *State v. Huckelba*, 240 N.C. App. 544, 562, 771 S.E.2d 809, 823 (2015), *rev'd on other grounds* 268 N.C. 569, 780 S.E.2d 750; *see also State v. Heavner*, 227 N.C. App. 139, 144, 741 S.E.2d 897, 901 (2013) (the rule of lenity only applies when the relevant statute is ambiguous). The rule of lenity should not be used when a statute "only has one plausible reading . . . ." *Heavner*, 227 N.C. App. at 144, 741 S.E.2d at 902 (brackets omitted). The rule of lenity is "reserved for cases where, 'after seizing everything from which aid can be derived, the Court is left with an ambiguous statute.'" *DePierre v. United States*, 564 U.S. 70, 88, 131 S. Ct. 2225, 2237, 180 L. Ed. 2d 114, 129 (2011) (quoting *Smith v. United States*, 508 U.S. 223, 239, 113 S. Ct. 2050, 2059 124 L. Ed. 2d 138, 155 (1993)).

¶ 23        In *State v. Hanton*, the trial court examined a criminal statute which gave either the State or the defendant the ability to prove an out-of-state offense was substantially similar to a North Carolina offense by a preponderance; however, the statute did not delineate how to determine which North Carolina offense was most substantially similar to the out-of-state offense. 175 N.C. App. at 259, 623 S.E.2d at 606 (interpreting N.C. Gen. Stat. § 15A-1340.14 (2003)). The statute was therefore ambiguous because multiple North Carolina statutes with similar elements could

have been used in the comparison. *Id.* at 259, 623 S.E.2d at 606. This Court reasoned the rule of lenity applied in the defendant's favor because of the ambiguity regarding which criminal statute should apply. *Id.* at 259, 623 S.E.2d at 606.

¶ 24        Defendant's reading of *Hanton* is overbroad. The ambiguity present in *Hanton* is absent here because N.C. Gen. Stat. § 14-208.7(a) clearly and unambiguously directs courts to the comparable statute. Under N.C. Gen. Stat. § 14-208.7(a), any person with a "reportable conviction" must register with the sheriff of their county of residence. N.C. Gen. Stat. § 14-208.7(a). A reportable conviction includes any conviction from another state "which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense . . . ." N.C. Gen. Stat. § 14-208.6(b) (2021). Statutory rape of a person who is fifteen years or younger is a sexually violent offense under N.C. Gen. Stat. § 14-208.6(5).

¶ 25        Moreover, N.C. Gen. Stat. § 14-27.25 itself is unambiguous. *See DePierre*, 564 U.S. at 88, 131 S. Ct. at 2237, 180 L. Ed. 2d at 129. We note our Supreme Court has established a clear framework for comparing two statutes—first in *Sanders*, and subsequently refined in *Graham*—where the Court analyzed the same statute at issue in this case. *See Sanders*, 367 N.C. 716, 766 S.E.2d 331; *see also Graham*, 379 N.C. 75, 2021-NCSC-125, ¶¶ 4, 5 (comparing North Carolina's statutory rape statute with Georgia's statutory rape statute). There is no ambiguity regarding which North Carolina offense to analyze for substantial similarity, nor is there ambiguity present

in either statute. Our General Assembly and Supreme Court have provided more than sufficient "aid" to reach the conclusion we do today. *See DePierre*, 564 U.S. at 88, 131 S. Ct. at 2237, 180 L. Ed. 2d at 129. Accordingly, we conclude the rule of lenity is inapplicable to the instant case.

## V.  Conclusion

Based on the foregoing, we hold the Pennsylvania statutory sexual assault statute and the North Carolina statutory rape statute are substantially similar for purposes of registration as a sex offender under North Carolina law. Additionally, the rule of lenity does not apply in Defendant's favor. We therefore affirm the trial court's Order requiring Defendant to register as a sex offender in this State.

AFFIRMED.

Judges GORE and GRIFFIN concur.