IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 23-742

Filed 20 February 2024

Wake County, No. 22 CRS 558

IN THE MATTER OF RASHID LALIVERES

Appeal by Petitioner from judgment entered 2 December 2022 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 24 January 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Nicholas Brent Sorensen, for the State-Respondent-Appellee.*

*Jason Christopher Yoder, for Petitioner-Appellant.*

WOOD, Judge.

Rashid Laliveres ("Petitioner") appeals from a judgment requiring him to register as a sex offender upon his relocation to North Carolina, arguing his out-of-state conviction from New York is not substantially similar to a reportable North Carolina offense. After careful review of applicable law, we affirm the trial court.

## I.    Factual and Procedural Background

On 10 September 1993, Petitioner was convicted of attempted first-degree rape in New York pursuant to N.Y. PENAL § 130.35(1). On 16 March 2022, after Petitioner moved to North Carolina, the Wake County Sheriff's Office notified Petitioner that he was required to register as a sex offender based upon his out-of-state conviction. On this same day, Petitioner filed a petition for judicial determination on this

registration requirement.

On 2 December 2022, the trial court held a hearing on Petitioner's petition. At the hearing, the State presented evidence Petitioner had been convicted on 10 September 1993 under N.Y. PENAL § 130.35 for attempted first-degree rape and that Petitioner had been convicted under the first section of the New York statute whereby Petitioner was found guilty of attempted "rape in the first degree when he or she engages in sexual intercourse with another person . . . by forcible compulsion." N.Y. PENAL § 130.35(1). The prosecutor argued that N.Y. PENAL § 130.35 was substantially similar to N.C. Gen. Stat. § 14-27.22, governing second-degree forcible rape because the North Carolina statute "involves the same type of behavior, by force and against the will of another person" as the New York statute.

The State submitted copies of the relevant New York penal code section, the North Carolina statue, and Petitioner's DCI (Department of Criminal Information) reflecting the underlying out-of-state conviction at trial. Both the State and defense counsel acknowledged that the conviction under N.Y. PENAL § 130.35 was for attempted first-degree rape. On 2 December 2022, the trial court concluded N.Y. PENAL § 130.35 was substantially similar to N.C. Gen. Stat. § 14-27.22, a reportable offense, and entered an order requiring Petitioner to register as a sex offender in North Carolina. On 6 December 2022, Petitioner filed written notice of appeal.

## II. Appellate Jurisdiction

In conjunction with his brief, Petitioner has filed a petition for *writ of certiorari*

requesting that this Court utilize Rule 21 of the North Carolina Rules of Appellate Procedure to review the merits of his appeal. The record indicates that Petitioner's trial counsel filed written notice of appeal on 6 December 2022, but there is neither a certificate of service indicating the notice of appeal was served on the State nor any form of evidence indicating the filed notice of appeal was served on the State. Petitioner's petition recognizes that if this Court determine that his "written notice of appeal was technically defective because it does not include a certificate of service, he will have lost his appeal of right, as the time for filing a valid notice of appeal has expired" pursuant to Rule 3 of our Rules of Appellate Procedure. However, Petitioner argues that the record demonstrates his desire to appeal the order in this case; the record was settled without any objection by the State during the issuance of appellate entries, extension on the proposed record, production of transcripts delivered to the State, and service of the proposed record; and he has a statutory right to counsel in this proceeding based on having the right to effective counsel. N.C. Gen. Stat. § 7A-451(19).

An order for sex offender registration is a civil order. Therefore, a petitioner is required to file a written notice of appeal under Rule 3. Under Rule 3,

> Any party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule.

N.C. R. App. P. Rule 3 (a).  In response, the State argues Petitioner's failure to indicate that the State was properly served with Petitioner's notice of appeal divests this Court of jurisdiction.  *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011).

The State and Petitioner acknowledge this Court's authority to grant, in its discretion, a petition for *writ of certiorari* under Rule 21 to reach the merits on appeal. *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005).  Pursuant to Rule 21(a), we may issue a *writ of certiorari* in appropriate circumstances when the right to appeal was lost by a failure to take timely action.  In the exercise of our discretion, we allow Petitioner's petition for *writ of certiorari* and address the merits of his appeal.  *State v. Brooks*, 204 N.C. App. 193, 195, 693 S.E.2d 204, 206 (2010).

## III.    Analysis

### A.  Petitioner's Out-of-state Reportable Conviction and North Carolina's Sex Offender Registration.

Petitioner argues the trial court erred in ordering him to register as a sex offender "based on substantial similarity for an 'attempt' offense that occurred in New York because attempts are not included in the definition of a reportable conviction based on an out-of-state offense that is substantially similar to an offense against a minor or a sexually violent offense."  Petitioner reasons that based on these grounds, "the order should be reversed."  We disagree.

The question of "whether the out-of-state conviction is substantially similar to

a North Carolina offense is a question of law." *State v. Fortney*, 201 N.C. App. 662, 671, 687 S.E.2d 518, 525 (2010) (citation omitted). Questions of law are reviewed by an appellate court *de novo*. *Id.* at 669, 687 S.E.2d at 524. Under a *de novo* review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Biber*, 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011). The trial court determines whether the statutes are substantially similar by "compar[ing] the elements of the out-of-state . . . offense to those purportedly similar to a North Carolina offense." N.C. Gen. Stat. § 14-208.12B(c) (2023).

North Carolina's "Sex Offender and Public Protection Registration Program" requires that certain individuals residing in North Carolina "register" for the program with the sheriff of the county where they reside if they have a "reportable conviction." N.C. Gen. Stat. § 14-208.7(a).

N.C. Gen. Stat. § 14-208.6(4)(b) provides a "reportable conviction" is

> [a] final conviction in another state of an offense, which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense as defined by this section, *or a final conviction in another state of an offense that requires registration under the sex offender registration statutes of that state.*

N.C. Gen. Stat. § 14-208.6(4)(b) (2023) (emphasis added). The State contends the emphasized portion of the statute

> became effective December 1, 2006, and applies to all offenses committed prior to, on, or after that date and to all individuals who move into this State prior to, on, or after that date as later amended effective October 1, 2010. S.L.

- 5 -

2006-247 §§ 19(a) 19(e) [Amended by S.L. 2010-174, § 16(a), eff. Oct. 1, 2010].

Accordingly, if Petitioner's "conviction in New York requires him to register as a sex offender there, which the State contends it does, then he is required to register as a sex offender in North Carolina." In short, the State argues Petitioner is subject to North Carolina sex offender registration requirements because his out-of-state conviction required registration under New York's sex offender registration statute. Therefore, the fact that his out-of-state conviction was an attempt offense is irrelevant and Petitioner's registration is mandatory. The State contends the requirement to register is not premised upon a theory of "substantial similarity" between the North Carolina and New York statutes. We agree.

The State of New York's Sex Offender Registration Act creates a duty for any sex offender to register. N.Y. CORRECT. § 168-f. New York defines a "sex offender" as any person who is convicted of any of the offenses set forth in the subdivisions of "sex offense" or "sexually violent offense." N.Y. CORRECT. § 168-a(1). Petitioner was convicted of attempted rape under N.Y. PENAL § 130.35. The Sex Offender Registration Act defines N.Y. PENAL § 130.35 as a "sexually violent offense." N.Y. CORRECT. § 168-a(3). Under the penal code, a "sexually violent offense" includes a conviction of an attempt to commit any of the provisions of sections 130.35, 130.50, 130.65, 130.66, 130.67, 130.70, 130.75, 130.80, 130.95 and 130.96 of the penal law. N.Y. CORRECT. § 168-a(3)(a).

Under the Sex Offender Registration Act of New York, Petitioner's prior conviction for attempted first-degree rape mandates that he register as a sexual offender in New York. N.Y. CORRECT. §§ 168-a(1)–(3), 168-f. Because Petitioner's out-of-state conviction is a final conviction requiring registration under the Sex Offender Registration Act of New York, pursuant to N.C. Gen. Stat. § 14-208.6(4)(b), Petitioner has a reportable conviction in North Carolina and is required to register here. N. C. Gen. Stat. § 14-208.6(4)(b) (2023).

The State aptly notes, "N.C. Gen. Stat. § 14-208.12B has erroneously been relied upon in these proceedings as it only applies to out-of-state reportable convictions which are solely based upon substantial similarity of offenses." In fact, all of Petitioner's arguments on appeal assert the trial court erred in ordering Petitioner's registration as a sex offender based on the "substantial similarly between convictions."

N.C. Gen. Stat. § 14-208.12B provides, in part:

> (a) When a person is notified by a sheriff that the person may be required to register based on an out-of-state conviction as provided in G.S. 14-208.6(4)(b), or a federal conviction as provided in G.S. 14-208.6(4)(c), that is substantially similar to a North Carolina sexually violent offense, or an offense against a minor, the sheriff shall notify the person of the right to petition the court for a judicial determination of the requirement to register. Notification shall be served on the person and the district attorney, as provided in G.S. 1A-1, Rule 4(j), or delivery by any other means that the person consented to in writing. The person may petition the court to contest the requirement to register by filing a petition to obtain a

judicial determination as to whether the person is required to register under this Article. The judicial review shall be by a superior court judge presiding in the district where the petition is filed. The review under this section is limited to determine whether or not the person's out-of-state or federal conviction is substantially similar to a reportable conviction, as defined in G.S. 14-208.6(4)(a).

N.C. Gen. Stat. § 14-208.12B (2023). However, we conclude that the requirement for Petitioner to register "as a sex offender is not solely based upon substantial similarity between convictions." Our statute makes it clear: a reportable conviction requiring registration as a sex offender includes "a final conviction in another state of an offense that requires registration under the sex offender registration statutes of that state." N.C. Gen. Stat. 14-208.6(4)(b) (2023). Our statutes do not provide "any discretion in placing an individual on the sex offender registry" because the portion of our statutes which require Petitioner's registration are mandatory. *Bunch v. Britton*, 253 N.C. App. 659, 677-78, 802 S.E.2d 462, 475 (2017) (citing N.C. Gen. Stat. § 14-208.7(a) and N.C. Gen. Stat. § 14-208.6(4)(b)).

Because Petitioner's out-of-state final conviction required him to register as a sex offender under New York's registration statutes, he is required to register as an offender under North Carolina law independent of any substantial similarity analysis. N.Y. CORRECT. § 168; N.C. Gen. Stat. § 14-208.6(4)(b) (2023). Therefore, we hold that Petitioner is mandated to register as a sex offender in North Carolina due to his previous out of state conviction which required him to register under the laws of New York. Pursuant to N.C. Gen. Stat. §§ 14-208.7(a) and 14-208.6(4)(b), the

trial court correctly concluded Petitioner is required to comply and register as a sex offender.  Thus, Petitioner's arguments are overruled.

## IV.    Conclusion

For the foregoing reasons, we affirm the trial court's order requiring Petitioner to register as a sex offender in this State.

AFFIRMED.

Judges TYSON and STADING concur.